IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PLAINS MARKETING, LP | § | |
| | § | |
|    *Plaintiff* | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. 4:15-CV-00218 |
| | § | |
| RADIANT ACQUISITIONS 1, LLC, *et al*, | § | |
| | § | |
|    *Defendants* | § | |

### DEFENDANT CENTAURUS CAPITAL LP'S ORIGINAL ANSWER

TO THE HONORABLE VANESSA GILMORE,
UNITED STATES DISTRICT JUDGE:

Centaurus Capital, LP ("Centaurus"), Defendant and first lienholder with regard to the property involved in this civil action, files this Original Answer. By parallel-numbered paragraphs to Plains Marketing, LP's ("Plains Marketing") complaint, Centaurus answers as follows:

### I. PRELIMINARY STATEMENT

Centaurus agrees with Plains Marketing's characterization of the case. Radiant Acquisitions 1 LLC ("Radiant") borrowed over $30 million from Centaurus in October, 2013 to buy and develop oil and gas properties in Louisiana and Mississippi. In return, Radiant transferred a first lien on the oil and gas properties and any production generated from those properties to Centaurus. Accordingly, the proceeds of production that Plains Marketing seeks to deposit in the Courts' registry is collateral for Centaurus' loan to Radiant. Inasmuch as Radiant is in default of its loan to Centaurus, and all other defendants' liens are indisputably subordinate to Centaurus's first lien on the proceeds of production, Centaurus is entitled to a

judgment from this Court authorizing Centaurus to recover the proceeds from the Court's registry.

1. Admitted.

2. Admitted.

3. Admitted.

4. No response from Centaurus is necessary.

5. No response from Centaurus is necessary.

6. No response from Centaurus is necessary.

7. No response from Centaurus is necessary.

8. No response from Centaurus is necessary.

9. No response from Centaurus is necessary.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted, although it is indisputable that Centaurus' first lien on the proceeds entitles Centaurus to a judgment to recover the proceeds.

16. Admitted.

17. Centaurus admits that Defendant Big River Oilfield Services, LLC ("Big River") filed false and invalid liens in the amount of $211,395.36 and that Big River improperly forwarded that false information to Plains Marketing to induce Plains Marketing to withhold payment of the proceeds to Radiant. Centaurus also submits that Big River's counsel ignored

Radiant and Centaurus' written request of October 17, 2014 that Big River withdraw its notice containing such false information to Plains Marketing so that Plains Marketing would release and pay the proceeds to Radiant for use in maintaining Radiant's oil and gas properties, which are Centaurus' collateral. Centaurus reserves any claims for damages to its collateral that it may have against Big River resulting from Big River's delivery of false information to Plains Marketing and Big River's failure to withdraw such false information upon request to do so.

18. Admitted. Centaurus submits that such lien is subordinate and inferior to its first lien on the proceeds.

19. Admitted. Centaurus submits that such lien is subordinate and inferior to its first lien on the proceeds.

20. Admitted. Centaurus submits that such lien is subordinate and inferior to its first lien on the proceeds.

21. Admitted. Centaurus submits that such lien is subordinate and inferior to its first lien on the proceeds.

22. Admitted. Centaurus submits that such lien is subordinate and inferior to its first lien on the proceeds.

23. Admitted.

24. Centaurus admits that Plains Marketing should be allowed to deposit the proceeds of production in the Court's registry and, upon such deposit, be released from liability to the Defendants in this civil action in regard to such proceeds. Centaurus submits that the Court should also promptly approve a judgment awarding the proceeds to Centaurus in recognition of its first lien on the proceeds.

## RESERVATION OF RIGHTS

Upon request, Centaurus is prepared to provide any party in this civil action with a copy of its loan and security agreements, and related recorded lien documents, that establish the indisputable nature of its first lien on the proceeds of production involved in this civil action. Centaurus reserves the right to assert a claim for its attorneys' fees and related legal costs against any party that vexatiously and unnecessarily extends the length of this civil action by disputing Centaurus' entitlement to the proceeds.

Accordingly, Centaurus requests that Plains Marketing's request for interpleader relief be granted, that the Court enter judgment in favor of Centaurus to recover the proceeds of production, and for such other and further relief as is just.

Respectfully submitted,

/s/ Tom Kirkendall
Tom Kirkendall
State Bar No. 11517300/SDTX No. 02287
**LAW OFFICE OF TOM KIRKENDALL**
2 Violetta Ct
The Woodlands, Texas 77381-4550
281.364.9946
888.582.0646 (fax)
bigtkirk@kir.com

**COUNSEL FOR CENTAURUS CAPITAL, LP, DEFENDANT**

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleadings was served by electronic transmission to the following counsel via email and the Court's ECF system on the 6th day of February, 2015.

Clay M. Steely
1000 Main Street, 36th Floor
Houston, Texas 77002
713.226.6669
713.226.6269
csteely@porterhedges.com

**COUNSEL FOR RADIANT ACQUISITIONS 1, LLC, DEFENDANT**

Jeril R. Benedict
Plains Marketing LP
333 Clay Street, Suite 1600
Houston, Texas 77002
713.646.4261
713.646.4216
jrbenedict@paalp.com

**COUNSEL FOR PLAINS MARKETING, LP, PLAINTIFF**

                                      /s/ Tom Kirkendall
                                      Tom Kirkendall